IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



KENNETH PEALOCK, §
§
    Petitioner, §
§
VS. § NO. 4:10-CV-868-A
§
REBECCA TAMEZ, §
Warden, FCI-Fort Worth, §
§
    Respondent. §

MEMORANDUM OPINION
and
ORDER

Before the court is the petition for writ of habeas corpus filed by petitioner, Kenneth Pealock, pursuant to 28 U.S.C. § 2241. After having considered the petition, the response in opposition of respondent, Rebecca Tamez, Warden, FCI-Fort Worth, the items contained in the appendix to respondent's response, and applicable authorities, the court has concluded that the petition should be denied.

I.

Pertinent History

Petitioner was convicted in 1997 in the United States District Court for the Middle District of Georgia of fifteen counts of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o), seven counts of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and five counts of

possession of a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(i). He was sentenced to an aggregate term of imprisonment of fifty-one months, to be followed by a three-year term of supervised release, and criminal monetary penalties consisting of a $2,700 assessment and a $75,000 fine. The judgment entered by the sentencing court provided that payment of the assessment and fine was due "in full immediately," Resp., App. at 10, that payments were to be made during petitioner's period of imprisonment, and that payments were to be made to the United States National Fine Center, "except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program," id.

Petitioner is currently incarcerated at FCI-Fort Worth. He was scheduled to begin making quarterly payments toward the remaining balance of his fine through the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP") in September 2008.[1] He refused, and was placed on IFRP refuse status. As a result of his IFRP refuse status, petitioner forfeited certain privileges, such as placement in preferred housing and unlimited commissary spending. He contested the loss of such privileges

---

[1] Petitioner's obligation to pay the assessment portion of his criminal monetary penalties expired five years after the date of the judgment. See 18 U.S.C. § 3013(c).

2

and the application of the IFRP to him through the administrative remedy process, to no avail. This action followed.

II.

Grounds of, and Nature of Relief Requested by, the Petition

Petitioner's primary contention is that Bureau of Prisons ("BOP") lacks authority to schedule payment of his fine in installments through the IFRP because such a schedule contravenes the directive of the sentencing court, expressed in the judgment, that his fine be paid in full immediately. He seeks an injunction preventing BOP and staff at FCI-Fort Worth from collecting his fine "under payment terms never set by the sentencing court," Pet. at 1, and from imposing sanctions on him based on his nonparticipation in the IFRP, id.

Alternatively, petitioner seeks discharge of his fine under section 28:3-603 of the Uniform Commercial Code because, according to him, he tendered payment of the fine in 2009, and the government refused to accept it.

III.

Analysis

The court concludes that petitioner is not entitled to any of the relief he seeks.

Collection of petitioner's fine through the IFRP does not contravene the directive of the sentencing court that the fine be

3

paid in full immediately. McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999). "[S]uch directives generally are interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" Id. (quoting United States v. Trigg, 119 F.3d 493, 500 (7th Cir. 1997)). When the sentencing court orders a fine due in full immediately and the defendant is unable to pay, BOP is authorized to ensure through the IFRP that the defendant makes payments toward the fine to the extent he can, or to impose sanctions if he refuses. See Bloch v. Lake, 183 F. App'x 471, 2006 WL 2006 WL 1642351, at *1 (5th Cir. June 8, 2006); McGhee, 166 F.3d at 886. Petitioner's objection to respondent's attempt to collect his fine through the IFRP is without merit.[2]

Petitioner's argument that his fine should be discharged also lacks merit. The Uniform Commercial Code does not apply to payment of criminal monetary penalties. And, petitioner has not provided evidence that he made a legitimate attempt to pay his fine.

---

[2]On page 4 of the petition, under the heading "THE INMATE FINANCIAL RESPONSIBILITY (IFRP) CONTRACTS ARE INVALID," petitioner asserts, in a general way, that respondent cannot punish him for nonparticipation in the IFRP. To the extent the contentions made under such heading could be construed as an argument that respondent violated petitioner's due process rights by restricting his privileges as a result of his nonparticipation in the IFRP, such argument is meritless.

IV.

Order

Therefore,

The court ORDERS that the petition for writ of habeas corpus of petitioner, Kenneth Pealock, by which the above-captioned action was initiated, be, and is hereby, denied.

SIGNED February 15, 2011.

_____
JOHN McBRYDE
United States District Judge